UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> v.<br><br>CHARLES B. WEATHERMAN,<br><br>  Defendant. | Case No. 16-cr-40022-JPG |

## MEMORANDUM AND ORDER

  This matter comes before the Court on defendant Charles B. Weatherman's motion to suppress evidence seized in a March 24, 2015, search of his residence pursuant to a warrant (Doc. 19). In that search, law enforcement officers seized images that form the basis of the possession of child pornography charge in this case. Weatherman argues the affidavit submitted in support of the application for the search warrant did not establish probable cause to believe there would be child pornography at his residence and that the executing officer should have known it. The Government has responded to the motion (Doc. 23), and Weatherman has replied to that response (Doc. 24). All parties agree that no hearing is necessary because the motion can be decided on the written submissions.

**I. Analysis**

  The Fourth Amendment to the Constitution provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue, but upon probable cause*, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV (emphasis added). There is probable cause for a search warrant where there is a substantial basis for concluding that a search would uncover evidence of

wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). The totality of the circumstances must be considered, including "the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." *Id.* at 239-40. The Court generally defers to the judgment of the judge issuing the warrant about whether probable cause exists unless the affidavit was knowingly or intentionally false or revealed a reckless disregard for the truth, of which there is no allegation in this case. *Forman v. Richmond Police Dep't*, 104 F.3d 950, 957 (7th Cir. 1997) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).

Before turning to the particulars of the affidavit in support of the search warrant, it is important to note that Weatherman's only grievance with the affidavit is its referring to images sent to his residence as "child pornography" rather than describing their content in more detail or attaching copies of the images. Weatherman does not contend that any statements within the affidavit were false, which would give rise to concerns under *Franks* or that any other aspect of the affidavit was insufficient. The Court therefore focuses on the question of whether, viewed in its totality, the affidavit was sufficient to support a probable cause finding because it referred to "child pornography" having been sent to Weatherman's residence instead of describing or attaching the images.

In this case, Federal Bureau of Investigations ("FBI") Special Agent Tyrone K. Forte prepared an affidavit in support of a search warrant to search Weatherman's residence at 703 Prairie Street, Altamont, IL. In that affidavit, Forte begins by recounting his experience and training in the investigation of child pornography cases. He has been an FBI agent for at least 24 years, ten of which he has primarily investigated violent crimes against children, including possession, receipt and distribution of child pornography over the internet. He was a computer

forensic examiner for 10 years and has worked on more than 500 cases involving child pornography.  He has been trained in interpreting on-line computer activity.  Forte Aff. ¶ 1.  He further states that he bases his statements in the affidavit on his own observations, information he gathered, his training and experience, information from other law enforcement officers and consultation with other trained investigators.  He believes those statements provide probable cause to believe evidence of violation of various federal child sex or pornography statutes can be found at 703 Prairie Street.  Forte Aff. ¶ 2.

Forte then defines "child pornography" and other terms used in the affidavit based on their statutory definitions, where such definitions exist.  Forte Aff. ¶ 4.  He also describes characteristics of child pornography collectors, Forte Aff. ¶ 5, and ways computers and the internet, including e-mail, are used in connection with child pornography, Forte Aff. ¶¶ 6-10.

Forte then describes the investigation activities that led to the application for a warrant to search 703 Prairie Street.  In 2014, the FBI learned of a person suspected to be distributing "child pornography."  Forte Aff. ¶ 11.  The suspect sent several images of "child pornography" to an on-line undercover agent.  Forte Aff. ¶ 11.  The suspect was identified as Jason Andrew Carpenski.  Forte Aff. ¶ 12.  Carpenski admitted to law enforcement officers that he took an image of "child pornography" of his minor daughter and sent the image to others via e-mail and Craigslist.  Forte Aff. ¶ 13.  Carpenski was indicted for production, distribution and possession of child pornography.  Forte Aff. ¶ 14.  Law enforcement officers examined Carpenski's cell phone and found numerous images of "child pornography."  Forte Aff. ¶ 15.  They also examined his e-mail account and found he had sent numerous e-mails containing "child pornography," including five images of "child pornography" to two particular e-mail addresses

and that he had received nine images of "child pornography" from those two e-mail addresses. Forte Aff. ¶¶ 16-20.  Those two e-mail addresses were traced through the e-mail provider and the internet service provider to 703 Prairie Street, where Weatherman lived.  Forte Aff. ¶¶ 21-26, 28, 36-39.  Other information gleaned from Weatherman's activity on Facebook was consistent with known behavior of those interested in children in relation to sexual activity.  Forte Aff. ¶¶ 31-35. Forte comes to the conclusion that a computer at 703 Prairie Street was being used to trade "child pornography" with Carpenski and that the computer user was most likely Weatherman.  Forte Aff. ¶ 38.

The Seventh Circuit has suggested references to "child pornography" without attaching either an image of the alleged child pornography or a "detailed verbal description" of the image are too conclusory for a judge to accept as establishing *bona fide* child pornography.  The Court first addressed the matter in *United States v. Lowe*, 516 F.3d 580 (7th Cir. 2008).  In that case, a defendant was charged with distributing child pornography based on items seized in a search of his home.  *Id.* at 583.  He claimed that the affidavit in support of the search warrant was too conclusory to establish probable cause to believe his home contained child pornography because when the affiant described the content of images previously sent or received by the defendant, he simply estimated the age of the subjects of two images.  *Id.* at 586.  The affiant described why he had placed those subjects within a certain age group, and the images otherwise verbally described content that qualified as child pornography.  *Id.*  The defendant claimed the affiant should have attached the images to his affidavit so the judge could have drawn his own conclusion about the age of the images' subjects.  *Id.*  In rejecting the defendant's challenge, the Court of Appeals noted, "As a general matter, an issuing court does not need to look at the images described in an

affidavit in order to determine whether there is probable cause to believe that they constitute child pornography. A detailed verbal description is sufficient." *Id.* As an example, the Court pointed to a detailed verbal description of one image's content that sufficed to give the issuing judge a substantial basis for believing the image constituted "child pornography" as defined by state law. *Id.*

It is true *Lowe* does not *expressly* state that an affiant must have either a detailed description or an image of child pornography to supports probable cause, but later in *United States v. Clark*, 668 F.3d 934 (7th Cir. 2012), the Court of Appeals made that leap. In *Clark*, again a defendant charged with possession of child pornography challenged the affidavit supporting a search warrant. *Id.* at 939. His challenge was based in part on the affiant's reference to a prior FBI investigation into child pornography distribution from a prior residence of the defendant in which 17 electronic files of "child pornography" were revealed. *Id.* at 940. The affiant did not describe or attach any of the 17 files. *Id.* The Court of Appeals held that the prior investigation should not have been included in the issuing judge's probable cause calculus because there was no evidence the prior investigation uncovered child pornography, "an outcome which cannot be assumed and which requires either submission of the images themselves or a detailed description of them." *Id.* at 940-41.

Here, Forte's statements in his affidavit that Weatherman had exchanged images of "child pornography" with Carpenski are not supported by the images themselves or a description of what the images contained from which the magistrate judge could have known the images were actually child pornography instead of, for example, legal child erotica. Thus, under the implication of *Lowe* and the rule of *Clark*, the issuing judge should not have considered that information in

making his probable cause determination.

Without acknowledging *Clark*, the Government urges the Court to reject this conclusion on the basis that the issuing judge, to whom the Court should show deference, is entitled to rely on highly trained and experienced agents in distinguishing between child pornography and child erotica on the way to a probable cause determination. It asks the Court to rely on the agent's assessment of whether an image constituted child pornography, a result that flies in the fact of *Clark*. This simply cannot be done without violating the rule of *Clark*. Thus, the Court cannot rely on Forte's bald statements that the images exchanged between Weatherman and Carpenski were actually child pornography.

Without considering Forte's conclusions that the images were child pornography, there is still enough in the affidavit to support a finding of probable cause. Here, the person who sent the images to Weatherman that are asserted to be child pornography was actually indicted for producing, distributing and possessing child pornography. This indicates a grand jury has made a legal finding that there was probable cause to believe Carpenski had made child pornography and had e-mailed child pornography images. In addition, Forte states in his affidavit that Carpenski sent images to e-mail accounts linked to Weatherman's home address that were part of a pattern of Facebook and e-mail accounts that, in Forte's training and experience, indicated an interest in children relating to sexual activity. Further, Carpenski admitted that he had taken one image of what he called "child pornography" of his juvenile daughter, and a search of Carpenski's e-mail account revealed he had sent at least one image of his daughter to the e-mail accounts linked to Weatherman's home address. Thus, even without considering Forte's assessment of the images as child pornography, the affidavit attests that an individual indicted for child pornography sent an

image of a child to e-mail accounts created by someone at Weatherman's house to facilitate and promote his interest in children relating to sexual activity.   While this is thin evidence, the Court finds it is just enough to establish a substantial basis for concluding that a search of Weatherman's home would yield child pornography.

Having found that there was a basis for concluding that the search Forte requested would uncover evidence of wrongdoing, the Court need not address the question of whether the good faith exception to the exclusionary rule applies.   *See United States v. Leon*, 468 U.S. 897, 923 (1984).

## II.     Conclusion

For the foregoing reasons, the Court **DENIES** Weatherman's motion to suppress (Doc. 19).   The Court further finds that the period that the defendant's motion to suppress was pending, June 20, 2016, up to and including today, is **EXCLUDABLE** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D).   In light of this ruling, the Court **DENIES as moot** Weatherman's motion to continue (Doc. 25), which was based on the fact that his motion to suppress was pending.

**IT IS SO ORDERED.**
**DATED:   August 9, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
